**Zaim GRDOC, Semsije Dragovic,
Petitioners,**

v.

Alberto R. GONZALES,[1] Attorney General, Department of Homeland Security, Respondents.

Nos. 04–5697–ag (L); 04–5698–ag (Con).

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

Justine A. Marous, New York, NY, for Petitioners.

John L. Brownlee, United States Attorney for the Western District of Virginia, Sara Bugbee Winn, Assistant United States Attorney, Roanoke, VA, for Respondents.

Present: DENNIS JACOBS, Chief Judge, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zaim Grdoc and Semsije Dragovic (husband and wife), natives of Yugoslavia, and citizens of Serbia and Montenegro at the time of their immigration court hearing, seek review of the September 30, 2004 orders of the Board of Immigration Appeals ("BIA") affirming the August 13, 2003 decision of Immigration Judge ("IJ")

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

George T. Chew denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Grdoc, Zaim,* No A79–318–275 (BIA Sept. 30, 2004) aff'g No. A79–318–275/276 (Immig.Ct.N.Y.City, August 13, 2003); *In re Dragovic, Semsije,* No A79–318–276 (BIA Sept. 30, 2004) aff'g No. A79–318–275/276 (Immig.Ct.N.Y.City, August 13, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). This

Court reviews questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Grdoc testified that he suffered persecution based on his refusal, as an ethnic Albanian Muslim, to serve in the Yugoslavian[2] military in 1999, when that military was engaged in human rights atrocities against ethnic Albanians in Kosovo; that he did not want "to go and fight [his] own people"; that when he stayed AWOL after a second summons was issued to him, a "policeman came to pick [him] up"; that he then went into hiding for almost two years before finally fleeing to the United States; and that after he fled, the police came to his home "a few more times." Grdoc claimed that he feared returning to the country designated "Serbia and Montenegro" because "his days are numbered" since he would have to go to court for refusing to report for military duty.

■ The IJ found that Grdoc's testimony did not support a finding of past persecution because [a] "an alien's motive in resisting conscription must be shown to be political rather than just generalized evidence that they had called him into service" and [b] "Grdoc ha[d] not demonstrated any type of political motive on the part of the Yugoslavian government." This finding may reflect application of an incorrect legal standard, because under *INS v. Elias–Zacarias,* "persecution on account of . . . political opinion in § 101(a)(42) is persecution on account of the *victim's* political opinion, not the persecutor's." 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal citations omitted). The IJ

**2.** The Federal Republic of Yugoslavia (Yugoslavia) officially became Serbia and Montenegro on February 2003. *See* 2003 State Department Report on Human Rights Practices in Serbia and Montenegro, at *http://www.state.gov/g/drl/rls/hrrpt/2003/27874.htm.* The

country name "Yugoslavia" is used in this summary order to refer to events that took place before February 4, 2003, and the country name "Serbia and Montenegro" is used to refer to events that took place on or after that date.

appears to have considered the government's motive, or political opinion, rather than Grdoc's, in finding that Grdoc neither faced past persecution nor had a well-founded fear of persecution.

We conclude, based on Grdoc's uncontested testimony concerning his evasion of the draft, that he made out a *prima facie* case that he suffered past persecution on account of his refusal, as an ethnic Albanian Muslim, to take part in the Yugoslavian army's human rights abuses against ethnic Albanian Muslims in Kosovo. *See Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005) (holding "that for those individuals who seek to avoid serving in a military whose brutal and unlawful campaigns are directed at members of their own race, religion, nationality, or social or political group, the requirements of stating a persecution claim are met at a significantly lower threshold of military wrongdoing than would be required if the objections are simply a matter of conscience.").

A finding of past persecution creates a presumption of a future threat, but this presumption may be rebutted by, among other things, a showing by the government that there has been a fundamental change in circumstances. 8 C.F.R. § 1208.16(b)(1). The IJ found such a change in circumstances, based on the Yugoslavian amnesty law (adopted in January 2001) for those who avoided conscription. Accordingly, because Grdoc presented no other evidence in support of the likelihood of future persecution, the IJ found that the presumption of future persecution had been rebutted and that Grdoc failed to establish a reasonable chance of persecution. That finding was supported by substantial evidence.

For the foregoing reasons, we DENY these petitions. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).